E-FILED
Friday, 26 July, 2019  01:29:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| REBECCA PITTMAN, KENNETH PITTMAN, and KENNETH PITTMAN, as father and next friend of D.C.W.-P., a Minor, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF CHAMPAIGN, an Illinois local governmental entity, SUSAN FOSTER, Deputy Sheriff, in her individual capacity, KEROLOS GABRA, Deputy Sheriff, in his individual capacity, ROBERT HUBBARD, Deputy Sheriff, in his individual capacity, NICOLE BOLT, Sergeant of the Champaign County Sheriff's Department, in her individual capacity, JOSHUA DEMKO, Deputy Sheriff, in his individual capacity, and BRIAN MENNENGA, Lieutenant of the Champaign County Sheriff's Department, in his individual capacity, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.  19-cv-2203 |

## COMPLAINT-- JURY DEMAND

NOW COME Plaintiffs REBECCA PITTMAN, KENNETH PITTMAN, and KENNETH

PITTMAN, father and next friend of D.C.W.-P., a Minor, by their attorneys, DODSON,

PIRAINO & ASSOCIATES, and complaining of Defendants COUNTY OF CHAMPAIGN, an

Illinois local governmental entity, SUSAN FOSTER, Deputy Sheriff, in her individual capacity,

KEROLOS GABRA, Deputy Sheriff, in his individual capacity, ROBERT HUBBARD, Deputy

Sheriff, in his individual capacity, NICOLE BOLT, Sergeant of the Champaign County Sheriff's

Department, in her individual capacity, JOSHUA DEMKO, Deputy Sheriff, in his individual

capacity, and BRIAN MENENGA, Lieutenant of the Champaign County Sheriff's Department,

in his individual capacity and allege as follows:

## I.  NATURE OF THE CASE

1.  This action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code § 1983, seeking damages against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving the Plaintiffs of rights secured under the Constitution and the laws of the United States.

## II. JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Amendment to the United States Constitution. The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343. This Court also has supplemental jurisdiction to hear the state claims that will be set forth in this complaint pursuant to 28 U.S.C. § 1367(a).

## III.  VENUE

3.  This action properly lies in the Central District of Illinois, Urbana Division pursuant to 28 U.S.C. § 1391(b) because the claims arose in Champaign County, Illinois.

## IV.  PARTIES

4.  That at all relevant times, Plaintiff Rebecca Pittman was a resident of the Village of Savoy, Champaign County, State of Illinois.

5.  That at all relevant times, Plaintiff Kenneth Pittman was a resident of the Village of Savoy, Champaign County, State of Illinois.

6.  That at all relevant times, Plaintiff Kenneth Pittman was the father of D.C. W.-P., who was a minor and a resident of the Village of Savoy, Champaign County, State of Illinois, and at all relevant times Plaintiff Kenneth Pittman had custody of D.C.W.-P.

pursuant to a Judgment Of Allocation Of Parental Responsibilities entered in the Circuit Court Of Champaign County on July 11, 2016 in Case Number 2005-F-339

7.   That Defendant Champaign County, Illinois, is a local governmental entity organized and existing as a political subdivision of the State of Illinois.

8.   That at the time of the incidents alleged in this Complaint, Defendant Susan Foster was employed by Defendant Champaign County as a Deputy Sheriff with the Champaign County Sheriff's Department and at all times material Defendant Susan Foster was acting in the scope of her employment under color of state law.

9.   That at the time of the incidents alleged in this Complaint, Defendant Kerolos Gabra was employed by Defendant Champaign County as a Deputy Sheriff with the Champaign County Sheriff's Department and at all times material Defendant Kerolos Gabra was acting in the scope of his employment under color of state law.

10.   That at the time of the incidents alleged in this Complaint, Defendant Robert Hubbard was employed by Defendant Champaign County as a Deputy Sheriff with the Champaign County Sheriff's Department and at all times material Defendant Robert Hubbard was acting in the scope of his employment under color of state law.

11.   That at the time of the incidents alleged in this Complaint, Defendant Nicole Bolt was employed by Defendant Champaign County as a Sergeant with the Champaign County Sheriff's Department and at all times material Defendant Nicole Bolt was acting in the scope of her employment under color of state law.

12.   That at the time of the incidents alleged in this Complaint, Defendant Joshua Demko was employed by Defendant Champaign County as a Deputy Sheriff with the Champaign County

Sheriff's Department and at all times material Defendant Joshua Demko was acting in the scope of her employment under color of state law.

13.   That at the time of the incidents alleged in this Complaint, Defendant Brian Mennenga was employed by Defendant Champaign County as a Lieutenant with the Champaign County Sheriff's Department and at all times material Defendant Brian Menenga was acting in the scope of his employment under color of state law.

## V. DEFENDANTS' MISCONDUCT

14.   That on July 25, 2018, D.C.W.-P. was in the physical custody of Plaintiff Kenneth Pittman pursuant to a Judgment Of Allocation Or Parental Responsibilities entered on July 11, 2016 in Champaign County Case Number 2005-F-339.

15.   That Janice Woodworth is the mother of D.C.W.-P.

16.   That on July 25, 2018, Janice Woodworth filed a Verified Petition For Order Of Protection in Champaign County Case Number 2018-OP-455 wherein Woodworth prayed for the entry of emergency order of protection that prohibited Plaintiff Kenneth Pittman from having contact with Woodworth and D.C.W.-P.

17.   That on July 25, 2018 the Court denied Woodworth's request for an emergency order of protection; however, the Court set Woodworth's request for a plenary order of protection for a hearing August 13, 2018 and on July 25, 2018 a summons was issued for Plaintiff Kenneth Pittman.

18.   That on July 25, 2018 Champaign County Sheriff's Deputy Susan Foster was on duty and working as a Deputy Sheriff for the Champaign County Sheriff's Department and at approximately 4:57 p.m. on that date Deputy Foster served Plaintiff Kenneth Pittman with a copy of the Verified Petition For Order Of Protection filed by Woodworth in Champaign County Case

Number 2018-OP-455 and the Summons that was issued in the case for the August 13, 2018

hearing on Woodworth's request for a plenary order of protection.

19.   That Deputy Foster served Plaintiff Kenneth Pittman with the Verified Petition For

Order Of Protection and Summons at a home located at #7 Lange, Savoy, Illinois where Plaintiff

Kenneth Pittman resided with his son, D.C. W.-P., and his mother, Plaintiff Rebecca Pittman.

20.   That at approximately 9:45 p.m. on July 25, 2019, Deputy Foster was dispatched to a

child welfare check at #7 Lange, Savoy, Illinois, after Janice Woodworth reported to METCAD

that she was unable to speak to D.C.W.-P. by phone.

21.   Upon arriving at #7 Lange, Savoy, Illinois Deputy Foster made contact with Plaintiff

Kenneth Pittman and Deputy Foster asked Plaintiff Kenneth Pittman if she could see D.C.W.-P.

to verify that D.C.W.-P. was safe.

22.   That Plaintiff Kenneth Pittman lead Deputy Foster to the garage of the residence

where the minor child was located and Deputy Foster was able to verify that D.C.W.-P. was safe.

23.   That despite not having served Plaintiff Kenneth Pittman with an emergency order

of protection earlier in the day when Deputy Foster served Plaintiff Kenneth Pittman with the

Verified Petition For Order Of Protection and Summons, Deputy Foster unreasonably and

without justification believed that an emergency order of protection had been entered that

prohibited Plaintiff Kenneth Pittman from having any contact with his son, D.C.W.-P.

24.   That even though Deputy Foster knew or should have known that there was no

emergency order of protection, or any other order, that had been entered by a court that

prohibited Plaintiff Kenneth Pittman from having contact with his son, Deputy Foster notified

Plaintiff Kenneth Pittman that he was in violation of the order of protection that Deputy Foster

served on Plaintiff Kenneth Pittman earlier in the day and Deputy Foster demanded that Plaintiff

5

Kenneth Pittman allow Deputy Foster to take D.C.W.-P. to his mother's residence at 2750

Hunters Pond Run, #12, Champaign, Illinois.

25.   Plaintiff Kenneth Pittman notified Deputy Foster that he was not going to allow

Deputy Foster to take his son to Janice Woodworth's residence in Champaign.

26.   That after Plaintiff Kenneth Pittman informed Deputy Foster that he was not going to

allow Deputy Foster to take his son to Janice Woodworth's residence, Deputy Foster contacted

Champaign County Sergeant Nicole Bolt who informed Deputy Foster that if Plaintiff Kenneth

Pittman would not abide by the emergency order of protection that prohibited him from having

contact with his son that Deputy Foster should arrest Plaintiff Kenneth Pittman and take him to

jail.

27.   That Deputy Foster told Sergeant Bolt that Deputy Foster understood Sergeant's

Bolt's instructions.

28.   Deputy Foster then requested backup and soon thereafter, Deputy Kerolos Gabra and

Deputy Robert Hubbard arrived at #7 Lange, Savoy, Illinois to assist Deputy Foster.

29.   That upon arriving at #7 Lange, Savoy, Illinois, Deputy Gabra reviewed the Petition

For Order Of Protection and Summons that Deputy Foster served on Plaintiff Kenneth Pittman

earlier in the day as well as the proof of service of these documents that was been completed by

Deputy Foster.

30.   That Deputy Gabra did not see a judge's signature on any of the documents that

Deputy Foster served on Plaintiff Kenneth Pittman nor did he see an emergency order of

protection that had been issued by any judge, and Deputy Gabra knew or should have known that

no emergency order of protection, or any other order, had been entered that prohibited Plaintiff

Kenneth Pittman from having contact with his son or that required that D.C.W.-P. be delivered to his mother.

31.   That Deputy Gabra then contacted Sergeant Nicole Bolt who informed Deputy Gabra that if Plaintiff Kenneth Pittman continued to violate the emergency order of protection that he should be arrested.

32.   That Deputy Gabra also informed Sergeant Bolt that he did not believe that Plaintiff Rebecca Pittman would be cooperative in releasing D.C.W.-P. to the Sheriff's Deputies who were present at #7 Lange, Savoy, Illinois, and Sergeant Bolt instructed Deputy Gabra that if Plaintiff Rebecca Pittman would not cooperate in releasing the child that Plaintiff Rebecca Pittman should be arrested for obstruction of justice.

33.   That after Plaintiff Kenneth Woodworth refused to comply with several more demands by Deputy Foster, Deputy Gabra, and Deputy Hubbard that Plaintiff Kenneth Pittman comply with a non-existent court order that permitted Deputy Foster to take D.C.W.-P. from the home of his custodial parent and deliver the child to Janice Woodworth's home, Deputy Foster and Deputy Gabra placed Plaintiff Kenneth Pittman under arrest for violating an emergency order of protection.

34.   That Deputy Foster and Deputy Gabra placed Plaintiff Kenneth Pittman in handcuffs and Plaintiff Kenneth Pittman was then transported to the Champaign County Jail by Deputy Foster where he was booked and placed into a jail cell at the Champaign County Jail.

35.   That after Deputy Foster left #7 Lange, Savoy, Illinois to transport Plaintiff Kenneth Pittman to the Champaign County Jail, Deputy Gabra and Deputy Hubbard remained at the residence and began demanding that Plaintiff Rebecca Pittman release D.C.W.-P. to them so that he could be transported to Janice Woodworth's residence.

36.   That soon thereafter Sergeant Bolt arrived at #7 Lange, Savoy, Illinois and likewise begin to demand that Plaintiff Rebecca Pittman release D.C.W.-P. to the Champaign County Sheriff's Deputies who were present so that the child could be delivered to Janice Woodworth.

37.   That when Plaintiff Rebecca Pittman refused to cooperate or release the child to the Champaign County Sheriff's Deputies, Plaintiff Rebecca Pittman was arrested by Deputy Kerolos Gabra for obstruction of justice and placed in handcuffs.

38.   That after being handcuffed, Plaintiff Rebecca Pittman was placed in Deputy Gabra's patrol vehicle.

39.   That Sergeant Bolt then instructed Deputy Kerolos and Deputy Hubbard to enter the residence located at #7 Lange, Savoy, Illinois where Plaintiffs Rebecca Pittman, Kenneth Pittman, and Dylan Casey Woodworth-Pittman resided to look for D.C.W.-P.

40.   That pursuant to Sergeant Bolt's instructions, Deputy Kerolos and Deputy Hubbard then entered the residence without the consent or permission of Plaintiff Rebecca Pittman or Plaintiff Kenneth Pittman.

41.   That neither Deputy Kerolos nor Deputy Hubbard found D.C.W.- P. in the residence and after they completed their search of the residence, Deputy Kerolos transported Plaintiff Rebecca Pittman to the Champaign County Jail where she was booked and placed into a jail cell at the Champaign County Jail.

42.   That after Plaintiff Kenneth Pittman was booked into the Champaign County Jail, Deputy Foster left the jail and was directed by Sergeant Bolt to go to 106 Dewey, Urbana, Illinois to determine if D.C.W.-P. was at that address.

43.   That Deputy Foster arrived at 106 Dewey, Urbana, Illinois and Champaign County Sheriff's Deputy Joshua Demko, Champaign County Sheriff's Lieutenant Brian Mennenga, and

8

Deputy Hubbard also arrived at 106 Dewey, Urbana, Illinois at approximately the same time as Deputy Foster.

44.   That Deputy Foster entered the residence at 106 Dewey, Urbana, Illinois and found D.C.W.-P. inside the residence with the child's grandmother, Janet Woodworth.

45.   That Deputy Foster spoke to both Janet Woodworth and D.C.W.-P. and then exited the residence and spoke to Lieutenant Mennenga at which time Deputy Foster gave Lieutenant Mennenga information about the order of protection that Deputy Foster believed had been entered in Champaign County Case Number 18-OP-455.

46.   That Deputy Foster then re-entered the residence at 106 Dewey, Urbana, Illinois and after re-entering the residence Lieutenant Mennenga directed Deputy Demko and Deputy Foster remove D.C.W.-P. from 106 Dewey, Urbana, Illinois and transport the child to the home of the child's mother, Janice Woodworth.

47.   That despite not having a court order that permitted D.C.W.-P. to be taken from 106 Dewey, Urbana, Illinois and transported to the child's mother without the consent of Plaintiff Kenneth Pittman, the child's custodial parent, Deputy Demko, with the assistance of Deputy Foster, removed the child from 106 Dewey, Urbana, Illinois.

48.   That Deputy Demko then transported D.C.W.-P. from 106 Dewey, Urbana, Illinois to the home of the child's mother, Janice Woodworth, at 2750 Hunters Pond #12, Champaign, Illinois and left the child in the physical custody of Janice Woodworth despite the fact that Janice Woodworth had no right to custody of D.C.W.-P. and despite the fact that Janice Woodworth had previously kidnaped D.C.W.-P. and removed the child from the State Of Illinois in violation of a valid court order that awarded custody to Plaintiff Kenneth Pittman which resulted in child

abduction charges being filed against Janice Woodworth in Champaign County Case Number 2015-CF-1223.

49.   That the actions of law enforcement officers with the Champaign County Sheriff's Department in arresting Plaintiff Kenneth Pittman for violating an order of protection that had not been entered, removing D.C.W.-P. from the home where the child's custodial parent had sent the child, and delivering the child to the child's mother, put D.C.W.-P. at risk of serious harm.

50.   That the Fourth Amendment to the United States Constitution prohibits law enforcement officers from carrying out unreasonable searches and seizures.

51.   That an arrest is a "seizure" under the Fourth Amendment and under the Fourth Amendment an arrest may only be made when a law enforcement officer has probable cause to believe that the person arrested has engaged in criminal conduct.

52.   That an arrest without probable cause is an unreasonable seizure.

53.   That under the Fourth Amendment, a search of a person's home may only be made when law enforcement has probable cause to conduct a search of a person's home and a search of a person's home without probable cause is an unreasonable search.

### COUNT I
### UNREASONABLE SEIZURE BY DEPUTY FOSTER, DEPUTY GABRA, DEPUTY HUBBARD, AND SERGEANT BOLT

54.   Plaintiffs incorporate Paragraphs 1 through 53 as if fully stated herein.

55.   That the arrest of Kenneth Pittman by Deputy Foster, with the assistance of Deputy Gabra and Deputy Hubbard, and at the instruction of Sergeant Bolt, lacked probable cause to arrest Plaintiff Kenneth Pittman for violating an order of protection because no order of protection had been entered against Plaintiff Kenneth Pittman.

56.  That Sergeant Bolt had no lawful right to instruct Deputy Foster to arrest Plaintiff Kenneth Pittman and Deputy Foster, Deputy Hubbard, and Deputy Gabra had no lawful right to arrest Plaintiff Kenneth Pittman, to transport him to the Champaign County Jail, or to hold Plaintiff Kenneth Pittman against his will.

57.  That the unlawful, warrantless arrest of Plaintiff Kenneth Pittman resulted in his false imprisonment in the Champaign County Jail, and Champaign County had no lawful right to hold Plaintiff Kenneth Pittman in its jail against his will.

58.  That in arresting Plaintiff Kenneth Pittman and holding him in the Champaign County Jail, Plaintiff Kenneth Pittman was deprived of his Fourth Amendment right to be free from unreasonable seizure and in arresting Plaintiff Kenneth Pittman, Deputy Foster, Deputy Hubbard, Deputy Gabra, and Sergeant Bolt were acting under color of state law during the course of their employment by Champaign County.

59.  That the actions of Deputy Foster, Deputy Hubbard, Deputy Gabra, and Sergeant Bolt were objectively unreasonable.

60.  That Plaintiff Kenneth Pittman's deprivation of his Fourth Amendment right to be free from unreasonable seizure caused the Plaintiff damages.

61.  That Deputy Foster, Deputy Hubbard, Deputy Gabra, and Sergeant Bolt acted wilfully, knowingly and purposefully and with deliberate indifference to deprive Plaintiff Kenneth Pittman of his Fourth Amendment rights and as a result of these Defendants' conduct, Plaintiff Kenneth Pittman is entitled to punitive damages from the individual Defendants.

## COUNT II
## UNREASONABLE SEIZURE BY DEPUTY GABRA, DEPUTY HUBBARD, AND SERGEANT BOLT

62.  Plaintiffs incorporate Paragraphs 1 through 53 as of fully stated herein.

63.  That the arrest of Plaintiff Rebecca Pittman by Deputy Gabra, with the assistance of Deputy Hubbard, and at the instruction of Sergeant Bolt, lacked probable cause to arrest Plaintiff Rebecca Pittman for obstruction of justice because no court order had been entered the permitted Dylan Casey Woodworth-Pittman to be delivered to his mother.

64.  That Sergeant Bolt had no right to instruct Deputy Gabra to arrest Plaintiff Rebecca Pittman, and Deputy Gabra and Deputy Hubbard had no lawful right to arrest Plaintiff Rebecca Pittman, to transport her to the Champaign County Jail, or to hold Plaintiff Rebecca Pittman against her will.

65.  That the unlawful, warrantless arrest of Plaintiff Rebecca Pittman resulted in her false imprisonment in the Champaign County Jail, and Champaign County had no lawful right to hold Plaintiff Rebecca Pittman in its jail against her will.

66.  That in arresting Plaintiff Rebecca Pittman and holding her in the Champaign County Jail, Plaintiff Rebecca Pittman was deprived of her Fourth Amendment right to be free from unreasonable seizure and in arresting Plaintiff Rebecca Pittman, Deputy Gabra, Deputy Hubbard, and Sergeant Bolt were acting under color of state law during the course of their employment by Champaign County.

67.  That the actions of Deputy Gabra, Deputy Hubbard, and Sergeant Bolt were objectively unreasonable.

68.  That Plaintiff Rebecca Pittman's deprivation of her Fourth Amendment right to be free from unreasonable seizure caused the Plaintiff damages.

69.   That Deputy Gabra, Deputy Hubbard, and Sergeant Bolt acted wilfully, knowingly and purposefully and with deliberate indifference to deprive Plaintiff Rebecca Pittman of her Fourth Amendment rights and as a result of these Defendants' conduct, Plaintiff Rebecca Pittman is entitled to punitive damages from the individual Defendants.

### COUNT III
### UNREASONABLE SEIZURE BY DEPUTY FOSTER, DEPUTY GABRA, DEPUTY HUBBARD, DEMKO, SERGEANT BOLT, AND LIEUTENANT MENNENGA

70.   Plaintiffs incorporate Paragraphs 1 through 53 as of fully stated herein.

71.   That there was no court order that permitted D.C.W.- P. to be taken from Plaintiff Kenneth Pittman, his custodial parent, or from 106 Dewey, Urbana, Illinois, and transported to his mother, Janice Woodworth.

72.   That despite not having a court order that permitted any employees of the Champaign County Sheriff's Office to do so, Deputy Foster, Deputy Gabra, Deputy Hubbard, Sergeant Bolt, and Lieutenant Mennenga, participated in the removal of D.C.W.-P. from 106 Dewey, Urbana, Illinois, or the transport and delivery of the child to Janice Woodworth without the consent of the child's father, Kenneth Pittman.

73.   That Deputy Foster, Deputy Gabra, Deputy Hubbard, Sergeant Bolt, and Lieutenant Mennenga, had no right to take physical possession or custody of D.C.W.-P. nor did they have any right to deliver said child to Janice Woodworth against Kenneth Pittman's wishes.

74.   That by taking D.C.W.-P. from his custodial parent and from 106 Dewey, Urbana, Illinois, without a court order and without the consent of Kenneth Pittman, D.C.W.-P. was deprived of his Fourth Amendment right to be free from unreasonable seizure and in taking D.C.W.-P. from 106 Dewey, Urbana, Illinois and transporting the child to Janice Woodworth,

Deputy Foster, Deputy Gabra, Deputy Hubbard, Sergeant Bolt, and Lieutenant Mennenga, were acting under color of state law during the course of their employment by Champaign County.

75.   That the actions of Deputy Foster, Deputy Gabra, Deputy Hubbard, Sergeant Bolt, and Lieutenant Mennenga, Deputy Gabra, Deputy Hubbard, and Sergeant Bolt were objectively unreasonable.

76.   That D.C.W.-P.'s deprivation of his Fourth Amendment right to be free from unreasonable seizure caused him and his father, Kenneth Pittman damages.

77.   That Deputy Foster, Deputy Gabra, Deputy Hubbard, Sergeant Bolt, and Lieutenant Mennenga, Deputy Gabra, Deputy Hubbard, and Sergeant Bolt acted wilfully, knowingly and purposefully and with deliberate indifference to deprive D.C.W.-P. and his custodial parent, Kenneth Pittman, of their Fourth Amendment rights and as a result of these Defendants' conduct, punitive damages should be assessed against the individual Defendants.

## COUNT IV
## UNREASONABLE SEARCH BY DEPUTY GABRA, DEPUTY HUBBARD, AND SERGEANT BOLT

78.   Plaintiffs incorporate Paragraphs 1 through 53 as of fully stated herein.

79.   That after Plaintiff Rebecca Pittman was arrested by Deputy Gabra, with the assistance of Deputy Hubbard, and at the instruction of Sergeant Bolt, Deputy Gabra and Deputy Hubbard entered the home where Plaintiff Kenneth Pittman and Plaintiff Rebecca Pittman resided to search for D.C.W.-P..

80.   That since no court order had been entered that permitted any employee of the Champaign County Sheriff or any other law enforcement officer to take custody of D.C.W.-P., or remove D.C.W.-P. from his custodial parent, or deliver D.C.W.-P. to Janice Woodworth, Deputy

Gabra, Deputy Hubbard, and Sergeant lacked probable cause to search the residence where Plaintiff Rebecca Pittman and Plaintiff Kenneth Pittman resided.

81.   That Sergeant Bolt had no right to instruct Deputy Gabra or Deputy Hubbard to search the residence where Plaintiff Rebecca Pittman and Plaintiff Kenneth Pittman resided and neither Deputy Gabra nor Deputy Hubbard had the right to enter the premises.

82.   That the unlawful, warrantless search of the residence by Deputy Gabra and Deputy Hubbard at the instruction of Sergeant Bolt deprived Plaintiff Rebecca Pittman and Plaintiff Kenneth Pittman of their Fourth Amendment right to be free from unreasonable search and in authorizing and conducting the search of the residence Deputy Gabra, Deputy Hubbard, and Sergeant Bolt were acting under color of state law during the course of their employment by Champaign County.

83.   That the actions of Deputy Gabra, Deputy Hubbard, and Sergeant Bolt were objectively unreasonable.

84.   That Plaintiff Rebecca Pittman and Plaintiff Kenneth Pittman's deprivation of their Fourth Amendment right to be free from unreasonable search caused the Plaintiffs damages.

85.   That Deputy Gabra, Deputy Hubbard, and Sergeant Bolt acted wilfully, knowingly and purposefully and with deliberate indifference to deprive Plaintiff Kenneth Pittman and Plaintiff Rebecca Pittman of their Fourth Amendment rights and as a result of these Defendants' conduct, Plaintiff Kenneth Pittman and Plaintiff Rebecca Pittman are entitled to punitive damages from the individual Defendants.

## COUNT V
### FALSE ARREST AND FALSE IMPRISONMENT BY DEPUTY FOSTER, DEPUTY GABRA, DEPUTY HUBBARD, AND SERGEANT BOLT

86.   Plaintiffs incorporate Paragraphs 1 through 53 as of fully stated herein.

15

87. That the arrest of Kenneth Pittman by Deputy Foster, with the assistance of Deputy Gabra and Deputy Hubbard, and at the instruction of Sergeant Bolt, constituted false arrest and holding Plaintiff Kenneth Pittman in the Champaign County Jail after his arrest constituted false imprisonment.

88. That Plaintiff Kenneth Pittman's false arrest and false imprisonment in the Champaign County Jail caused the Plaintiff damages.

89. That Deputy Foster, Deputy Hubbard, Deputy Gabra, and Sergeant Bolt acted wilfully, knowingly and purposefully and with deliberate indifference to Plaintiff Kenneth Pittman and as a result of these Defendants' conduct, Plaintiff Kenneth Pittman is entitled to punitive damages from the individual Defendants.

## COUNT VI
## FALSE ARREST AND FALSE IMPRISONMENT BY DEPUTY GABRA, DEPUTY HUBBARD, AND SERGEANT BOLT

90. Plaintiffs incorporate Paragraphs 1 through 53 as of fully stated herein.

91. That the arrest of Plaintiff Rebecca Pittman by Deputy Gabra, with the assistance of Deputy Hubbard, and at the instruction of Sergeant Bolt, constituted false arrest and holding Plaintiff Rebecca Pittman in the Champaign County Jail after her arrest constituted false imprisonment.

92. That Plaintiff Rebecca Pittman's false arrest and false imprisonment in the Champaign County Jail caused the Plaintiff damages.

93. That Deputy Gabra, Deputy Hubbard, and Sergeant Bolt acted wilfully, knowingly and purposefully and with deliberate indifference to Plaintiff Rebecca Pittman and as a result of

these Defendants' conduct, Plaintiff Rebecca Pittman is entitled to punitive damages from the individual Defendants.

**COUNT VII**
**TRESPASS BY DEPUTY GABRA, DEPUTY**
**HUBBARD, AND SERGEANT BOLT**

94.   Plaintiffs incorporate Paragraphs 1 through 53 as of fully stated herein.

95.   That after Plaintiff Rebecca Pittman was arrested by Deputy Gabra, with the assistance of Deputy Hubbard, and at the instruction of Sergeant Bolt, Deputy Gabra and Deputy Hubbard intentionally entered the home where Plaintiff Kenneth Pittman and Plaintiff Rebecca Pittman resided without justification.

96.   That the unauthorized, intentional entry into the home where Plaintiff Rebecca Pittman and Plaintiff Kenneth Pittman resided, without their consent, constituted trespass to land.

97.   That Deputy Gabra, Deputy Hubbard, and Sergeant Bolt acted wilfully, knowingly and purposefully and with deliberate indifference to the rights of Plaintiff Kenneth Pittman and Plaintiff Rebecca Pittman and Plaintiff Kenneth Pittman and Plaintiff Rebecca Pittman are entitled to punitive damages from the individual Defendants.

WHEREFORE, Plaintiffs REBECCA PITTMAN, KENNETH PITTMAN, and KENNETH PITTMAN, as father and next friend of D.C.W.-P., a Minor, pray that:

A.      Judgment be entered in their favor and against Defendants COUNTY OF CHAMPAIGN, an Illinois local governmental entity, SUSAN FOSTER, Deputy Sheriff, in her individual capacity, KEROLOS GABRA, Deputy Sheriff,  in his individual capacity, ROBERT HUBBARD, Deputy Sheriff, in his individual capacity, NICOLE BOLT, Sergeant of the Champaign County Sheriff's Department, in her individual capacity, JOSHUA DEMKO, Deputy Sheriff, in his individual capacity, and BRIAN MENENGA, Lieutenant of the Champaign

County Sheriff's Department, in his individual capacity, in an amount in excess of $300,000 for actual and compensatory damages;

      B.      Punitive damages be awarded to the Plaintiffs sufficient to punish the Defendants for their intentional acts and to deter further wrongdoing;

      C.      The Plaintiffs be awarded their attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. §1988; and,

      D.      The Plaintiffs be granted such other and further relief as this Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY

                    REBECCA PITTMAN, KENNETH PITTMAN, and
                    KENNETH PITTMAN, as father and next friend of D.C.
                    W.-P., a Minor, Plaintiffs

                    BY:     DODSON, PIRAINO & ASSOCIATES

                    BY:   /s/ Scott M. Dempsey
                        Scott M. Dempsey

Prepared By:
Scott M. Dempsey
#6224775
DODSON, PIRAINO & ASSOCIATES
501 West University Avenue
Champaign, IL 61820
(217) 359-8200
dempsey_scott@hotmail.com